IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES IZAC,

        Petitioner,

Case No. 3:14-cv-01713-JE

   v.

MARION FEATHER,

        Respondent.

FINDINGS AND RECOMMENDATION

Charles Izac
04448-087
FCI Sheridan
P.O. Box 5000
Sheridan, OR 97378

       Petitioner, *Pro Se*

Billy J. Williams
Acting United States Attorney
Natalie K. Wight
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

       Attorney for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the legality of his 15-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"). For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be dismissed.

## BACKGROUND

In December 2005, a jury in the Northern District of West Virginia convicted petitioner of felon in possession of a firearm. The trial court found petitioner had sufficient prior violent felonies such that he qualified for a 15-year mandatory minimum sentence under the ACCA. As a result, the court sentenced him to 180 months in prison and five years of supervised release. The Fourth Circuit Court of Appeals affirmed this decision in a *per curiam* opinion dated July 11, 2007.

On May 21, 2008, petitioner filed a 28 U.S.C. § 2255 motion raising a variety of claims. Shortly thereafter, on June 9, 2008 he filed a second § 2255 motion. The District Court denied both motions, and the Fourth Circuit Court of Appeals dismissed the subsequent appeal for lack of a certificate of appealability.

In 2010, petitioner filed four separate 28 U.S.C. § 2241 habeas corpus cases in the District of New Jersey. The District Court dismissed all of those actions on September 23, 2010.

Petitioner filed a third 28 U.S.C. § 2255 motion on June 27, 2011 which the District Court denied because it constituted a successive motion without appellate permission.

On March 1, 2012, petitioner filed another 28 U.S.C. § 2241 habeas case challenging the validity of his ACCA sentence. This filing was in the Southern District of West Virginia, and petitioner elected to voluntarily dismiss the case.

Also in 2012, petitioner filed a Motion for Review of Sentence under 18 U.S.C. § 3742(A) in which he claimed, in part, that the felonies used to justify his ACCA sentence were not proper predicate offenses. On September 5, 2012, the Northern District of West Virginia denied relief concluding that petitioner had four qualifying felonies, more than enough to support the ACCA finding. Respondent's Exhibit 2, p. 3.

On April 23, 2014, petitioner filed for habeas corpus relief directly with the Fourth Circuit challenging the validity of his sentence and the competence of his trial attorney. The Court of Appeals declined to entertain the original habeas petition, and further found that "the interests of justice would not be served by transferring the matter to the appropriate district court." Respondent's Exhibit 4, p. 3.

On October 27, 2014, petitioner filed another 28 U.S.C. § 2241 habeas corpus case in the Northern District of West Virginia claiming that he is "actually innocent" of his ACCA sentencing

3 – FINDINGS AND RECOMMENDATION

enhancement such that 28 U.S.C. § 2241 jurisdiction is appropriate to allow him to challenge his sentence.    Because petitioner was incarcerated at FCI-Sheridan at the time, the West Virginia District Court transferred the case to the District of Oregon for disposition.    Respondent asks this court to dismiss this case because: (1) petitioner fails to invoke § 2241 savings clause jurisdiction; (2) his three State of Virginia burglary convictions qualify as ACCA predicate offenses; and (3) *Alleyne* has no application to this case and does not apply retroactively to cases on collateral review.

## DISCUSSION

A petitioner seeking federal post-conviction relief from a judgment of conviction or sentence is required to bring his collateral attack in a motion to vacate pursuant to 28 U.S.C. § 2255, whereas petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241.    *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 1999).    Although § 2255 generally provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention, the Ninth Circuit has held that a federal prisoner may challenge the legality of his detention through a § 2241 habeas corpus petition if he can demonstrate that he has never had an "unobstructed procedural shot" at presenting a

4 - FINDINGS AND RECOMMENDATION

claim of innocence.  *Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir. 2003).

Petitioner argues that the Northern District of Virginia's use of the Armed Career Criminal Act to enhance his sentence was improper: (1) in the absence of jury findings in light of the Supreme Court's decision in *Begay*; and (2) where the predicate offenses used to enhance his sentence were not qualifying offenses under the ACCA.  He therefore claims that he is actually innocent of his sentence such that he can invoke the "Savings Clause" or "escape hatch" of 28 U.S.C. § 2255 to bring this case under 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2255(e).

A petitioner satisfies the Savings Clause of § 2255(e) where he: "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."  *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted).  The two factors to consider when assessing whether petitioner had an unobstructed procedural opportunity to present his claim of innocence are: (1) whether the legal basis for petitioner's claim did not arise until the conclusion of his direct appeal and first 28 U.S.C. § 2255 motion; and (2) whether the applicable law changed in any relevant way after the conclusion of the petitioner's first § 2255 motion.  *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

///

5 - FINDINGS AND RECOMMENDATION

## I.   <u>Viability of Actual Innocence Assertion</u>

Respondent first argues that petitioner cannot be actually innocent of a sentence in the Ninth Circuit.  It is not clear that petitioner's claim of actual innocence is viable in the Ninth Circuit where he does not allege that he is factually innocent of any offense.  *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (claim of wrongful classification as a career offender under the Sentencing Guidelines is a "purely legal argument" that is "not cognizable as a claim of actual innocence under the escape hatch");[1] *see also Mitchell v. Hildreth*, 318 Fed. Appx. 600, 601 (9th Cir. 2009) (one cannot be innocent of a sentencing enhancement, but must instead show factual innocence); *but see, e.g., Bryant v. Warden,* 738 F.3d 1253, 1264-67 (11th Cir. 2013) (where a sentence unlawfully exceeds the statutory maximum, actual innocence as to sentence can be shown).  For purposes of this Findings and Recommendation, the court assumes that such a claim of innocence could, if proven, allow a petitioner to pass through the gateway of actual innocence.

## II.  <u>Absence of Jury Findings</u>

Pursuant to the ACCA, a defendant must be sentenced to a 15-year mandatory minimum sentence if he is found to be a felon in

---

[1] In *Marrero,* the Ninth Circuit also cited with approval the conclusions of other circuits that "a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." 682 F.3d at 1193.

possession and has at least three prior convictions for violent felonies or serious drug offenses.    18 U.S.C. § 924(e)(1). Petitioner claims that he is "innocent" of his ACCA sentence because the court, not a jury, made the relevant findings leading to the mandatory minimum 15-year sentence in violation of the Sixth Amendment.

In *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the Supreme Court extended the reach of its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and held that any fact that increases a mandatory minimum sentence is an element of the offense that must be proven to a jury beyond a reasonable doubt.[2]  133 S.Ct. at 2155. It is apparent that at the time of petitioner's sentencing in 2005, he did not have the benefit of the *Alleyne* decision.  However, *Alleyne* does not apply retroactively to cases on collateral review such as this one.    *Hughes v. United States*, 777 F.3d 814, 818 (9th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013); *United States v. Stewart*, 540 F. App'x 171, n. 1 (4th Cir. 2013), *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027, 1030 (10th Cir. 2013). Accordingly, petitioner cannot demonstrate he is actually innocent of his sentence based on *Alleyne*.

_____

[2] *Alleyne* overruled the Supreme Court's prior decision in *Harris v. United States*, 536 U.S. 545 (2002).

7 - FINDINGS AND RECOMMENDATION

### III. **Sufficiency of Virginia Burglary Convictions**

Petitioner next contends that he did not have sufficient qualifying felonies to justify an enhanced sentence under the ACCA. Petitioner's Presentence Investigation Report showed that he had six qualifying prior felonies from Virginia's state courts: three burglaries, two attempts to injure a prison guard, and inmate in possession of a dangerous weapon.   Respondent's Exhibit 3. Petitioner argues that the incident involving his attempt to injure a prison guard should count as a single predicate offense, not three separate predicate offenses.   He also asserts that his Virginia state burglary convictions may not be used to enhance his sentence under the ACCA because the Virginia burglary statute is broader than a generic burglary where it encompasses boats, automobiles, railroad cars, and sheds.   Assuming without deciding that petitioner's three convictions pertaining to the prison assault should count as a single offense for ACCA purposes, he cannot establish that any of his three burglary convictions do not qualify as predicate offenses.

The ACCA defines "violent felony" to include "burglary" which the Supreme Court has defined generically as follows: "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with the intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990).   To determine

whether a particular burglary statute matches up with the generic definition, courts utilize a "categorical approach" which requires them to examine only the essential elements of the crime, not any underlying facts. *Id* at 600. Where a state's burglary statute is broader than the generic definition, a court may employ the "modified categorical approach" provided that the statute is "divisible." *United States v. Descamps*, 133 S.Ct. 2276, 2281 (2013). A divisible statute is one that can be violated in a variety of ways, only some of which would qualify as a predicate offense under the ACCA. Under the modified categorical approach, the court is restricted to examining a limited range of underlying documents such as "indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Id.*

The Fourth Circuit previously determined that the Virginia burglary statute at issue constitutes a non-generic statute that qualifies as an ACCA predicate offense provided the defendant broke into and entered either a building or a dwelling. *United States v. Foster*, 662 F.3d 291, 292 (4th Cir. 2011). Using the modified categorical approach and reviewing the relevant documents in this case, it is apparent that petitioner's prior convictions for

Burglary involved his breaking into a private residence, a beauty shop, and an elementary school. Respondent's Exhibit 5. Because all of these crimes involved either a dwelling or a building, petitioner has at least three qualifying offenses sufficient to justify his ACCA sentence.

Following the conclusion of briefing in this case, petitioner filed a Motion for Summary Judgment in which he argues that his convictions fell under the residual clause of the ACCA which was recently invalidated by the Supreme Court in *Johnson v. United States*, 2015 WL 2473450 (U.S. June 26, 2015). Although the Government had initially offered an alternative argument that petitioner's state burglary convictions qualify as predicate offenses under the ACCA's residual clause, it withdrew this argument in its Response in opposition to the Motion for Summary Judgment. Response (#32), p. 2. As discussed above, petitioner's prior convictions qualify as ACCA predicate offenses under the modified categorical approach, therefore an analysis under the residual clause is unnecessary. Accordingly, petitioner is unable to demonstrate that he is innocent of his sentence, and the court should dismiss the Petition for lack of jurisdiction.

## RECOMMENDATION

For the reasons identified above, petitioner's Motion for Summary Judgment (#28) should be denied, and his Petition for Writ of Habeas Corpus (#1) should be dismissed, with prejudice, for lack

of jurisdiction.  The court should, however, allow a certificate of appealability in this case on the issues of: (1) whether a convicted person can be actually innocent of an aspect of his sentence without being actually innocent of the underlying crime; and (2) if so, whether petitioner's Virginia burglary convictions qualify as predicate offenses under the ACCA.

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due within 17 days.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this __21__ day of September, 2015.

_____
John Jelderks
United States Magistrate Judge